UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| D.B. KAZEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-55-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DAVID E. ROSENBERG, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiff, D.B. Kazee, seeks the return of $720,000. But it is not his money. Kazee is simply the attorney for the party who put up the funds. Accordingly, he is a not a real party in interest. Fed. R. Civ. P. 17(a)(1). He will have fourteen days to substitute a proper plaintiff. If he does not, the Court will grant the defendants' motion for judgment on the pleadings.

## BACKGROUND

This case arises out of Push Power Fuels' failed attempt to buy a coal company. The specifics of the transaction are complicated, but for present purposes a brief sketch will do. Push Power needed $20 million to complete the purchase, which it arranged to borrow from defendant Quest Corporation. Before this hefty loan could go forward, Push Power was required to deposit $720,000 (approximately 3.5% of the total value of the loan) in escrow while Quest conducted due diligence and a background check. To this end, the parties executed an Escrow Agreement on August 7, 2009. R. 28, Attach. 4. The Escrow Agreement identified Push Power Fuels as the borrower, Quest as the lender, and defendant Rosenberg & Associates, LLC, as the escrowee.

But Push Power did not deposit its own $720,000 with Rosenberg. Instead, the Escrow Agreement acknowledges that Push Power "obtained the escrow monies from a third party investor represented by D.B. Kazee," a.k.a. the deposit lender. *Id.* at 2. Under the Agreement, Push Power was to transfer the $720,000 to Rosenberg, who would hold the funds in escrow until Quest completed its due diligence and issued a commitment letter. After he received the commitment letter, Rosenberg was to disburse $700,000 from the escrow account "for the benefit of [Push Power] to procure the Bank Instrument" and keep $20,000 as a fee. *Id.* at 2-3. If, after due diligence, Quest decided that it did not want to go through with the loan, Rosenberg was to return the full $720,000 (minus a nominal bank fee) to the deposit lender. *Id.* at 3.

In accordance with the Escrow Agreement, Push Power transferred $720,000—which it borrowed from the deposit lender—to Rosenberg. After due diligence, Quest initially decided that it would go forward with the loan and issued a commitment letter. Subsequently, however, problems involving the bankruptcy of Push Power's sole shareholder, Michael Branham, derailed the completion of the transaction. The $20 million loan was never consummated. Kazee filed suit against Rosenberg and Quest in Kentucky state court seeking the return of the $720,000 in escrow funds. The defendants removed the case to this Court. R. 1. Currently pending before the Court are the defendants' motion for judgment on the pleadings and for summary judgment, R. 24, and Kazee's cross-motion for summary judgment, R. 28.

# ANALYSIS

As a threshold matter, the defendants argue in their motion for judgment on the pleadings that Kazee is not a proper plaintiff because he is not a real party in interest. Civil actions "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "[T]he real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994). A plaintiff is a real party in interest if, and only if, "the substantive law creating the right being sued upon affords [him] a substantive right to relief." *Id.* at 43. Thus, whether Kazee is a real party in interest turns on whether Kentucky law grants him a right to recover the $720,000 under the Escrow Agreement. *Id.* For the following reasons, it does not.

First, the Escrow Agreement itself does not provide Kazee with "a substantive right to relief." *Id.* The Agreement says that Push Power "obtained the escrow monies from a third party investor *represented by* D.B. Kazee . . . (the "Deposit Lender")." R. 28, Attach. 4 at 1 (emphasis added). Kazee argues that this clause designates him as the deposit lender. That is quite an unnatural construction of the contract. In Kentucky, as in most states, contract language "should receive a common-sense interpretation." *Frisbie v. Bigham Masonic Lodge No. 256*, 118 S.W. 359, 361 (Ky. 1909). The most common sense reading of the contract is that "deposit lender" refers to the person who actually lent the money—*i.e.*, the third party investor. The contract simply identifies Kazee as his agent. Paragraph seven of the Escrow Agreement does not change this conclusion. That section provides that notices required to be sent to the deposit lender under

3

the contract are complete when they are placed in the mail addressed to "D.B. Kazee, Esq.; Kazee Law Office; P.O. Box 726; 215 South Lake Drive; Prestonsburg, KY 41653." R. 28, Attach. 4 at 3-4. That section does not somehow redefine Kazee as the deposit lender; it just confirms that notices directed to the deposit lender should be sent to his agent.

Kazee argues that, even if he was only acting as an agent of the deposit lender, he is still a real party in interest because Kentucky law gives him a right to sue under the contract. But the two cases he cites in his brief do not support this proposition. Both cases involve a totally different situation—where an agent contracts with a third party without disclosing that he is acting as the representative of a principal. R. 27 at 6 (citing *Layne*, 26 F.3d at 43 (relying on Tennessee law, which "follows the venerable common law rule that an agent for an undisclosed principal is personally liable on a contract") and *Bell v. Borders*, 265 S.W. 514, 514-15 (Ky. 1924) ("The rule is that where an agent acts for an undisclosed principal the other party may hold the agent personally [liable.]")). The general rule in that situation, and the rule that the courts in *Layne* and *Bell* were applying, is that the other party can hold the agent personally liable on the contract. The reasons for this rule are plain—if an agent does not disclose that he is entering into a contract on behalf of a principal, the other party believes that the agent himself is agreeing to be personally bound. *See* Restatement (Third) of Agency § 6.03 cmt. b.

But the situation in this case is entirely different. Kazee did not appear to be acting on his own behalf. To the contrary, the principal/agent relationship was clearly disclosed. The Escrow Agreement plainly said that Kazee represented the third-party investor who put up the $720,000. R. 28, Attach. 4 at 1. Kazee has not cited to any Kentucky cases or other provisions of law

4

allowing an agent to sue under a contract that he made on behalf of a disclosed principal, and the Court has not been able to locate any through its own search of Kentucky law. This is not that surprising. The weight of authority indicates that agents who enter into contracts on behalf of disclosed principals are *not* parties to the contract. *See* Restatement (Third) of Agency § 6.01 ("When an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal . . . the agent is not a party to the contract unless the agent and third party agree otherwise."); *see also Porshin v. Snider*, 212 N.E.2d 216, 217 (Mass. 1965) (same); *Freeman v. Tabas*, 140 A. 147, 148 (Pa. 1928) (same). Kazee thus has not born his burden of showing that he has a substantive right to recover. *See OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 380 F. Supp. 2d 243, 246 (S.D.N.Y. 2005).

Because Kazee has not established that Kentucky law gives him, as the agent of a disclosed principal, "a substantive right to relief" under the contract, he is not a real party in interest. *Layne*, 26 F.3d at 43. Even so, the Court cannot dismiss this lawsuit at this time. Rule 17(a)(3) prohibits a court from dismissing "an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." The defendants argue that Kazee has already had this opportunity and that the Court should dismiss this case now. The defendants point out that they raised a real-party-in-interest objection in a brief filed on October 12, 2010, R. 17 at 4 n. 1, that the Court thereafter gave Kazee until November 8, 2010, to amend his complaint, R. 20, and that Kazee failed to do so. All true, but the briefs and the Court's prior Order concerned a different issue—Kazee's motion to amend his complaint to add a different

5

defendant to the action. R. 14. And the defendants only mentioned their real-party-in-interest objection in a single footnote. R. 17 at 4 n. 1. In light of Rule 17's liberal policy of allowing opportunities for substitution, *see Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997), the Court will allow fourteen days from the date of this Order for Kazee to substitute a real party in interest as a plaintiff. If he does so, the Court will consider the parties' cross motions for summary judgment at that time. If he does not, the Court will grant the defendants' motion for judgment on the pleadings and this case will be dismissed.

Because Kazee is not a real party in interest under Rule 17, the Court does not reach the defendants' alternative argument that he lacks constitutional standing. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("The Court will not pass upon a constitutional question . . . if there is also present some other ground upon which the case may be disposed of.").

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Kazee shall have fourteen days from the date of this Order to file a motion to amend his complaint to substitute a real party in interest as a plaintiff. *See* Fed. R. Civ. P. 17(a)(3). If he fails to do so, the Court will enter an Order granting the defendants' motion for judgment on the pleadings and dismissing this case.

(2) Because Kazee is not a real party in interest, his cross-motion for partial summary judgment, R. 28, is **DENIED WITHOUT PREJUDICE**. If a real party in interest is substituted as a plaintiff, that party may re-file the motion.

6

(3)     The defendants' motion for summary judgment, R. 24, remains pending.

This the 22nd day of February, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge